■ ABDOULAYE THIAM et al., Appellants, v CITY OF NEW YORK et al., Respondents. [724 NYS2d 64] —Order, Supreme

Court, New York County (Michael Stallman, J.), entered on or about December 21, 2000, which, *inter alia,* granted defendants' cross motion for summary judgment, declaring that plaintiffs have no rights in the subject premises under the 1979 agreements and defendant City of New York is under no obligation to offer plaintiffs leases or otherwise permit their continued presence at said premises, and otherwise dismissing the complaint, unanimously affirmed, without costs.

Plaintiff merchants, who operated as permittees on premises owned by the City of New York in Harlem, known as "Mart 125," claim that they are entitled to leases for market stalls at the subject premises pursuant to a 1979 Memorandum Agreement between the Harlem Urban Development Corporation and a group called 125th Street Black Merchants, Resolutions of the Board of Estimate authorizing development of Mart 125, and a 1979 Project Agreement between Harlem Urban Development Corporation and the City of New York. These agreements, however, grant no enforceable rights to plaintiffs; neither the City nor plaintiffs were parties to the Memorandum Agreement, and the Board of Estimate Resolutions do not mandate the issuance of leases or subleases to merchants, as opposed to the permits issued in this case.

Moreover, the City, the Harlem Urban Development Corporation and its affiliate agreed to terminate the master lease for the premises in 1996 and to terminate any obligations they respectively may have had to continue to operate Mart 125. Plaintiffs' rights of occupancy thereafter were governed by occupancy permits issued by the City as owner of the premises and any arguable residuary rights existing under the 1979 agreements were extinguished. Concur—Rosenberger, J. P., Nardelli, Tom, Andrias and Ellerin, JJ.